UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **MICHAEL O. RHINES,** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| v. ) | No. 3:05cv0200 AS |
| ) | |
| **TIMOTHY O'CONNER,** ) | |
| ) | |
| **Defendant** ) | |

### *MEMORANDUM OPINION AND ORDER*

This case was filed pro se by Michael O. Rhines of Wabash, Indiana on or about April 7, 2005, purporting to allege some claim under Title 15 U.S.C. §1692 known as the Fair Debt Collection Practices Act, a federal act (FDCPA). This court takes full judicial notice of the entire record in this case and notes the filing by the defendant, Timothy O'Connor, of a motion for summary judgment on July 31, 2006 under Rule 56, Federal Rules of Civil Procedure, and further notes the compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). As of this date, no response has been made by this plaintiff. It is to be further noted that on or about September 14, 2005, this plaintiff, appearing *pro se*, also filed a motion for summary judgment under Rule 56, Fed.R.Civ.P. Thus, we basically have cross motions for summary judgment.

Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

FED.R.CIV.P. 56(c); *Celotex Corp v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Bragg v. Navistar Int'l Trans. Corp.*, 164 F.3d 373 (7th Cir. 1998). *Celotex* addressed the initial burdens of the parties under Rule 56, and *Anderson* addressed the standards under which the record is to be analyzed within the structure of Rule 56.

The initial burden is on the moving party to demonstrate, "with or without supporting affidavits," the absence of a genuine issue of material fact and that judgment as a matter of law should be granted in the moving party's favor. *Celotex*, 477 U.S. at 324 (quoting FED.R.CIV.P. 56); *Larimer v. Dayton Hudson Corp.*, 137 F.3d 497 (7th Cir. 1998). A question of material fact is a question which will be outcome determinative of an issue in the case. The Supreme Court has instructed that the facts material in a specific case shall be determined by the substantive law controlling the given case or issue. *Anderson*, 477 U.S. at 248. Once the moving party has met the initial burden, the opposing party must "go beyond the pleadings" and "designate 'specific facts shows that there is a genuine [material] issue for trial.'" *Id.* The nonmoving party cannot rest on its pleadings, *Weicherding v. Riegel*, 160 F.3d 1139 (7th Cir. 1998); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918 (7th Cir. 1994); nor may that party rely upon conclusory allegations in affidavits. *Smith v. Shawnee Library Sys.*, 60 F.3d 317, 320 (7th Cir. 1995).

During its summary judgment analysis, the court must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Bombard v. Fort*

2

*Wayne Newspapers, Inc.*, 92 F.3d 560 (7th Cir. 1996). Furthermore, it is required to analyze summary judgment motions under the standard of proof relevant to the case or issue. *Anderson*, 477 U.S. at 252-55. Applying the above standard, this Court addresses defendant's motion.

It appears that this plaintiff and his wife at the time entered into a retail installment contract and security agreement with a Chevrolet dealer on or about July 11, 2000. That contract was assigned to Norlarco Credit Union. The subject of the aforesaid document was the purchase of a 1994 GMC for an amount certain stated to be $10,679.75 to be paid in 60 monthly installments beginning August 26, 2000. According to the papers in this court file, the plaintiff fell behind on the payments and there was an effort to default by Norlarco. Attorney Timothy O'Connor, defendant here, to repossess the vehicle and obtain a judgment against the plaintiff and his wife. It is admitted that O'Connor is a debt collector as defined by the statute. This case was originally filed on or around August 8, 2004 in the Fulton Superior Court in Rochester, Indiana. This court takes judicial notice of the formalities noted with regard to that complaint as indicated in the papers filed here. The Superior Court in Fulton County eventually granted a motion for summary judgment against the plaintiff and his wife and ordered the replevin of the vehicle in question.

This court is keenly aware of its obligations to pro se parties. *See Haines v. Kerner*, 404 U.S. 519 (1972). *See also Smith v. Fairman*, 862 F.2d 630 (7th Cir. 1988), *cert. denied*, 490 U.S. 1008 (1989); and *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). It must be stated

3

that the form and quality of the papers filed by the plaintiff especially his brief in support of summary judgment, is quite good.  Whether it is convincing obviously is another subject.  It is to be noted that the judgement of the Fulton Superior Court was upheld on appeal was taken from the Fulton Superior Court to the Court of Appeals of Indiana, although that option was certainly available.  *See Rhines v. Noralco Credit Union*, 847 N.E. 2d 233 (Ind. App. 2006).

With all deference to this pro se plaintiff, this court remains unconvinced that this plaintiff is entitled to judgment as a matter of law against this defendant, given the various inferences that exist under Rule 56, Fed.R.Civ.P.  This court has spent a very considerable time in a wide array of cases under this federal statute, and is particularly familiar with the recent case of *Thomas v. The Law Firm of Simpson and Cybak*, 392 F.3d 914 (7th Cir. 2004).  To be equally candid, the *Thomas* case decided just two years ago does not support the contentions here of this *pro se* plaintiff, but indeed does support the contentions of this lawyer defendant.  *See also Sims v. GC Services, LP,* 445 F.3d 959 (7th Cir. 2006) which is also supportive of the claims of the defendant here.

This court cannot be a court of common law review of that decision by the Court of Appeals of Indiana.  Neither can that decision be challenged in this court at least on the limited basis of state law.  When it is all said and done, the claims based on this court's federal question jurisdiction by this plaintiff are without merit.  To the great credit of the Court of Appeals of Indiana, it gave close attention to the issues under the FDCPA, and that

4

case and its judgment remains binding on this plaintiff.  Summary judgment is now **GRANTED** to this defendant against this plaintiff.  The Clerk shall enter judgment accordingly.  **IT IS SO ORDERED**.

    **DATED:**  September 12, 2006

                                         **S/ ALLEN SHARP**
                                         **ALLEN SHARP, JUDGE**
                                         **UNITED STATES DISTRICT COURT**